IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JOHN MACK SMITH,**

      **Plaintiff,**

v.                                               Case No. 3:15-cv-03387

**JOE DELONG, Executive Director,**
**WEST VIRGINIA REGIONAL JAIL &**
**CORRECTIONAL FACILITY AUTHOIRTY,**

      **Defendant.**

## MEMORANDUM OPINION and ORDER

Pending is Plaintiff's Motion for the Appointment of Counsel. (ECF No. 10). For the reasons that follow, the Court **DENIES** the motion, without prejudice to reconsideration of Plaintiff's request for counsel in the future.

Plaintiff has no constitutional right to counsel in an action brought pursuant to 42 U.S.C. § 1983 action. 28 U.S.C. § 1915(e)(1) (2010); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir.1975). Although the Court has some discretion to assign counsel in this case, the United States Court of Appeals for the Fourth Circuit has made it clear that the assignment of counsel in civil actions "should be allowed only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). When determining whether a particular case rises to that level, the Court must consider the complexity of the claims in dispute and the ability of the indigent party to present them. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir.1984); *see also Branch v. Cole,* 686 F.2d 264, 266. ("[N]o comprehensive definition of exceptional circumstances is practical. The existence of

such circumstances will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individuals bringing it." (footnote omitted)).

Here, Plaintiff argues that his case justifies the appointment of counsel on the grounds that (1) he has been unable to hire an attorney; (2) he has no funds to pay an attorney; and (3) the defendant can and has retained counsel. Unfortunately, these reasons do not rise to the level of "exceptional." Many *pro se* litigants are unable to find lawyers willing to take their cases, and many lack funds to hire counsel on an hourly basis. While Plaintiff's incarceration undoubtedly makes it more difficult for him to pursue his lawsuit, as does his lack of legal training, these limitations likewise do not, in and of themselves, satisfy the "exceptional" standard and merit the appointment of counsel. *Louis v. Martinez,* Case No. 5:08-cv-151, 2010 WL 1484302, at *1 (N.D.W.Va. Apr. 12, 2010). Having reviewed Plaintiff's filings, the undersigned finds Plaintiff to be capable of presenting his claims at this stage of the litigation.

Therefore, for the reasons stated, Plaintiff's motion for the appointment of counsel is **DENIED**. It is so **ORDERED**.

The Clerk is instructed to provide a copy of this Order to Plaintiff, counsel of record, and any unrepresented party.

**ENTERED:** June 29, 2015

Cheryl A. Eifert
United States Magistrate Judge