**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**JOHN MACK SMITH,**

      **Plaintiff,**

**v.**                                                                 **Case No. 3:15-cv-03387**

**WEST VIRGINIA REGIONAL JAIL
& CORRECTIONAL FACILITY
AUTHORITY; JOE DELONG, individually
and as Executive Director, WEST VIRGINIA
REGIONAL JAIL & CORRECTIONAL
FACILITY AUTHORITY; C. O. BLEVINS;
C. O. HOLLEY; LARRY CRAWFORD; and
C. O. DAVID KING,**

      **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

      The above-styled civil action is brought pursuant to 42 U.S.C. § 1983 and is assigned to the Honorable Robert C. Chambers, United States District Judge. By standing order, this matter has been referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3). Currently pending and ready for disposition are two motions: (1) Joe DeLong and the West Virginia Regional Jail & Correctional Facility Authority's Motion to Dismiss, (ECF No. 7); and (2) the West Virginia Regional Jail & Correctional Facility Authority's Motion to Dismiss Plaintiff's Complaint as Amended. (ECF No. 32). For the

reasons that follow, the undersigned **RECOMMENDS** that the presiding District Judge **DISMISS** the Complaint and Amended Complaint against the West Virginia Regional Jail & Correctional Facility Authority, but **DENY** Joe DeLong's Motion to Dismiss.

## I.   <u>Relevant Procedural History</u>

On March 20, 2015, Plaintiff John Mack Smith ("Smith"), proceeding *pro se*, filed the Complaint herein, alleging that while he was incarcerated at the Western Regional Jail in Barboursville, West Virginia, he was assaulted by another inmate, causing him to suffer physical and emotional trauma. Smith blamed the assault on jail understaffing, a deliberate disregard of safety procedures by jail employees, and a pervasive discrimination by guards/inmates against prisoners charged with sexual offenses. Smith sought money damages to compensate him for his injuries, as well as declaratory relief. (ECF No. 2).

Not surprisingly, Smith had some difficulty in drafting the Complaint, starting with the naming of parties. In particular, at one place in the Complaint, Smith identified the West Virginia Regional Jail & Correctional Facility Authority (also referred to as "the Authority") as the sole defendant, and in another section, he named Joe Delong as the sole defendant. (*Id.* at 1, 4). To address this drafting issue, on April 15, 2015, the undersigned granted Smith's application to proceed *in forma pauperis* and ordered the Clerk to issue a summons for Joe DeLong. A summons was not issued for the Authority at that time, but the Authority was notified of the pending lawsuit. On May 26, 2015, Joe DeLong and the Authority made a special appearance for the purpose of filing a Motion to Dismiss the Complaint. (ECF No. 7). As grounds for dismissal, they alleged that service of process was insufficient under Fed. R. Civ. P.

12(b)(5), and additionally, that the Authority was immune from litigation under the Eleventh Amendment to the United States Constitution. Plaintiff was given an opportunity to file a written response to the Motion to Dismiss, which he did. (ECF No. 17). The undersigned then set the matter for a status conference and motion hearing. (ECF No. 20).

On October 28, 2015, the undersigned held a status conference and motion hearing. During the conference, Smith made an oral motion to amend the Complaint to add as defendants Correctional Officers Blevins and Holley; Joe DeLong, in his individual capacity; and Larry Crawford, administrator of the Western Regional Jail, also in his individual capacity. The motion was granted and Smith was ordered to file an amended complaint within seven days, setting forth specific allegations against each named defendant. (ECF No. 22 at 2). On November 5, 2015, Smith filed an Amended Complaint. (ECF No. 23) The Clerk of Court issued summons for each of the four defendants, which were served with the Complaint and Amended Complaint by the United States Marshals Service. (ECF Nos. 24, 25, 27, 28, 34, 35, 42, 43).

On November 19, 2015, the Authority filed a Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 32). Once again, the Authority argued that it was immune from suit by virtue of the Eleventh Amendment to the United States Constitution. The Authority requested immediate dismissal under Rule 12(b)(1) or Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*Id.*).

## II.   **Standard of Review**

The Authority has filed motions to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(5), while Joe DeLong's motion to dismiss is limited to Rule 12(b)(5).

### A. Rule 12(b)(5)

Rule 12(b)(5) allows the court to dismiss a complaint that has not been served on a defendant in the manner prescribed by Fed. R. Civ. P. 4. Under Rule 4(e), which governs service of process on individuals, service may be effected by (1) delivering a copy of the summons and complaint to the defendant personally; or (2) by leaving a copy of the summons and complaint at the defendant's home or usual place of abode with a person of suitable age and discretion residing therein; or (3) by delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process; or (4) by following the law for service of process of the state in which the district court sits. Rule 4((j) pertains to service of process on a state entity and provides that the summons and complaint must be served on the entity's chief executive officer, or in accordance with the law of the relevant state. Rule 4(m) requires that service of process be completed within 120 days after the complaint is filed, unless the plaintiff can show good cause for an extension of time.

Notwithstanding these mandates, "courts will generally allow pro se plaintiffs a chance to remedy technical insufficiencies in service of process," before dismissing a complaint under Rule 12(b)(5). *Thomas v. Nelms,* No. 1:09-CV-491, 2013 WL 593419, at *1 (M.D.N.C. Feb. 14, 2013). The tendency toward leniency is particularly strong in cases where the defendant has either received actual notice of the pendency of the action, or is unable to demonstrate any prejudice from a delay in service. *Karlsson v. Rabinowitz,* 318 F.2d 666, 688-69 (4th Cir. 1963). Moreover, when service of process is effected by the United States Marshals Service under Fed. R. Civ. P. 4(c)(3), and the Marshals Service fails to properly serve the defendant, the *pro se* plaintiff may have good cause to excuse a delay or failure of service. *See, e.g. Greene v. Holloway,* 210

4

F.3d 361, at *1 (4th Cir. 2000) (unpublished) (holding that "if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Fed.R.Civ.P. 4(m) if the defendant could have been located with reasonable effort.")

### B. Rule 12(b)(1)

A motion under Rule 12(b)(1) challenges the court's subject matter jurisdiction over the dispute, *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982),while a motion under Rule 12(b)(6) tests the sufficiency of the complaint to state a claim. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (to survive a 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"). As a basis for dismissal, the Authority contends that it is immune from suit under the Eleventh Amendment to the United States Constitution.

A Rule 12(b)(1) motion can be presented in two ways. First, the movant may claim that the jurisdictional allegations of the complaint are not true. *Adams,* 697 F.2d at 1219. In that case, the court "is to regard the pleadings as mere evidence on the issue, and may consider evidence outside of the pleadings without converting the proceeding to one for summary judgment. *Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams,* 697 F.2d at 1219). Second, the movant may contend, as the Authority has done here, that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams,* 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the complaint are true and affords plaintiff the same procedural protection he would

receive under Rule 12(b)(6). *Id.* The burden of proving that the court has subject matter jurisdiction rests with the plaintiff as he is the party asserting it. *Johnson v. North Carolina,* 905 F.Supp.2d 712, 719 (W.D.N.C. Oct. 17, 2012). Nevertheless, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (quoting *Adams,* 697 F.2d at 1219).

### C. Rule 12(b)(6)

Rule 12(b)(6) permits the court to dismiss a complaint that fails to state a claim upon which relief may be granted. A complaint fails to state a compensable claim when, viewing the well-pleaded factual allegations as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp,* 550 U.S. at 570; *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679. Courts are required to liberally construe *pro se* complaints, such as the one filed in this action. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct

6

the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). A Rule 12(b)(6) motion should be granted only "'where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.'" *Hartmann v. Calif. Dept. of Corr. & Rehab.,* 707 F.3d 1114, 1122 (9th Cir.2013) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1102 (9th Cir.2008)).

"The Fourth Circuit has not resolved whether a motion to dismiss based on the Eleventh Amendment is properly considered pursuant to Rule 12(b)(1) or 12(b)(6)." *Haley v. Virginia Dept. of Health*, Case No. 4:12-cv-0016, 2012 WL 5494306, at *2 n.2 (W.D.Va. Nov. 13, 2012) (citing *Andrews v. Daw,* 201 F.3d 521, 525, n.2 (4th Cir. 2000)). "The recent trend, however, appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1)." *Id.; See also Melerski v. Virginia Dept. of Behavioral Health and Development Servs.,* 4:15CV39, 2016 WL 154144, at *1, n. 4 (W.D. Va. Jan. 11, 2016); *and Johnson,* 2012 WL 5024039, at *4 (W.D.N.C. Oct. 17, 2012) (collecting cases). Whether Eleventh Amendment immunity should be evaluated under Rule 12(b)(1) or 12(b)(6) is a distinction without a difference in this case given that the undersigned has relied solely on the pleadings in resolving the issue, having construed them in the light most favorable to Smith. *Beckham v. Nat'l. R.R. Passenger Corp.,* 569 F.Supp.2d 542, 547 (D.Md. 2008).

## III.  Discussion

### A.  Joe DeLong

Defendant DeLong asks the Court to dismiss the complaint against him, because he was not properly served with process. (ECF Nos. 7, 8 at 4). DeLong explains that the

7

United States Marshals Service mailed the summons and complaint by certified mail addressed to him at the Authority. However, by the time of the mailing, DeLong was no longer employed by the Authority, having resigned several weeks earlier. (ECF No. 8 at 4). Consequently, the certified mail was delivered to another individual at the Authority, who was not authorized to accept service of process on behalf of DeLong. (*Id.*). DeLong contends that service was improper for several reasons. First, the certified mail was not restricted to the addressee only, as required by the applicable rule governing service by certified mail. Second, service was made on someone other than DeLong, and that person was not DeLong's authorized agent for service of process. Third, attempting to serve process at a defendant's former workplace does not comply with the pertinent rule, which limits delivery of process to (1) the named defendant, (2) the defendant's authorized agent, or (3) a suitable person residing at the defendant's dwelling or usual place of abode.

Although Defendant DeLong is absolutely correct in his analysis of the facts and law, the undersigned **RECOMMENDS** that his motion be **DENIED**. As previously stated, Smith is a *pro se* plaintiff and, therefore, should be granted a second chance to properly effect service. This is especially true as the defects in service pointed out by DeLong are not, for the most part, attributable to any action or inaction of Smith. Furthermore, DeLong obviously received notice of the pending lawsuit as he filed a motion to dismiss and had legal representation at the status conference held in October 2015. Lastly, and most importantly, proper service of process of the Complaint and Amended Complaint was effected on Delong shortly after the status conference; accordingly, the service deficiencies have since been corrected. As DeLong has shown no prejudice from the delay in service, the undersigned **FINDS** that equity and

practicality weigh in favor of denying the motion.

### B. The Authority

Certainly, the Authority likewise has a valid argument that it is entitled to dismissal from this action on the basis of insufficient service of process. Indeed, a summons was never issued to the Authority, and no effort was ever made to properly serve the Authority. However, notwithstanding this lack of service, the undersigned **RECOMMENDS** that the presiding District Judge **DENY** the Authority's motion to dismiss under Fed. R. Civ. P. 12(b)(5), **as moot**, given the more compelling reason to dismiss the Complaint and Amended Complaint against the Authority; that being, its sovereign immunity from litigation under the Eleventh Amendment.

The Eleventh Amendment to the United States Constitution provides, in relevant part, that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the Eleventh Amendment refers only to suits by citizens of other states, the Supreme Court of the United States has construed the Amendment to "establish that 'an unconsenting State is immune from suits brought in federal court by her own citizens as well as by citizens of another state." *Port. Auth. Trans-Hudson Corp. v. Feeney,* 495 U.S. 299, 304, 110 S.Ct. 1868, 109 L.Ed.2d 264 (2009) (quoting *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984)). The immunity created by the Amendment protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *Taylor v. Ozmint,* Case No. 0:10-50- HMH-PJG, 2011 WL 286133, at *2  (D.S.C. Jan. 7, 2011) (citing *Will v. Mich. Dept. of State Police,* 491 U.S. 58,  78, 109 S.Ct. 2304, 105

L.Ed.2d 45 (1989); *See also Regents of the Univ. of California v. Doe,* 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1977) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities").

As a threshold issue, the undersigned must determine whether the Authority is an arm of the State protected by its Eleventh Amendment immunity. In *Roach v. Burch,* the United States District Court for the Northern District of West Virginia conclusively resolved this issue. 825 F.Supp. 116, 118 (N.D.W.Va. 1993). Using generally accepted factors to assess whether the Authority was "an arm" or "alter ego" of the State, the District Court found that the Authority was, "in effect, the State" and thus enjoyed "the Constitutional immunity of the Eleventh Amendment." *Id.*

Three narrow exceptions to Eleventh Amendment immunity exist. *Lee-Thomas v. Prince George's County Public Schools,* 666 F.3d 244, 248-49 (4th Cir. 2012). First, the State may waive its right to immunity and consent to suit. *Lapides v. Bd. of Regents Univ. Sys. of  Ga.,* 535 U.S. 613, 618, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002). Such a waiver must be express; an '"unequivocal' statement of the state's intention to subject itself to suit in *federal* court." *See Regueno v. Erwin*, Case No. 2:13-cv-815, 2013 WL 1837881, at *3 (S.D.W.Va. May 01, 2013) (quoting *Westinghouse Elec. Corp. v. W. Va. Dept. of Highways,* 845 F.2d 468, 470–71 (4th Cir. 1988)). Legal precedent confirms that West Virginia has not waived its Eleventh Amendment immunity in this context. *Meadows,* 793 F.Supp at 686; *see also Fridley v. West Virginia Dept. of Corrections,* Case No. 3:08-cv-111, 2009 WL 1097529, at *2 (Apr. 22, 2009). Consequently, this exception does not apply.

10

Second, "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.'" *Bd. of Trustees of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) (quoting *Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000)). The United States Supreme Court has definitively answered the question of whether Congress intended to abrogate a State's immunity against suits brought under 42 U.S.C. § 1983. In *Will v. Mich. Dept. of State Police,* the Supreme Court analyzed the statute and concluded that Congress did not have the States in mind as potential defendants when it imposed liability on "persons" under § 1983. *Will,* 491 U.S. at 65. Noting that ordinary rules of statutory construction required Congress to make any alteration of the "usual constitutional balance between the States and the Federal Government ... unmistakably clear in the language of the statute," the Supreme Court observed that had Congress intended to include States as "persons," it would have explicitly done so. *Id.* at 65 (citing *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 242, 105 S.Ct. 3142, 3147, 87 L.Ed.2d 171 (1985)). Reaffirming this decision two years later, the Supreme Court explained that "interpreting the words '[e]very person' to exclude the States accorded with the most natural reading of the law, with its legislative history, and with the rule that Congress must clearly state its intention to alter 'the federal balance' when it seeks to do so." *Hafer v. Melo,* 502 U.S. 21, 26, 112 S.Ct. 358, 116 L.Ed.2d 601 (1991) (quoting *Will,* 491 U.S. at 65). Therefore, the law is well-settled that Congress has not abrogated Eleventh Amendment immunity in a § 1983 action. *See Quern v. Jordan,* 440 U.S. 332, 340, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

As to the third and final exception, "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins,* 540 U.S. 431, 437, 124 S.Ct. 899, 157 L.Ed.2d 855 (2004) (citing *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). "The *Ex Parte Young* exception is directed at 'officers of the state [who] are clothed with some duty in regard to the enforcement of the laws of the state, *and* who threaten and are about to commence proceedings'" to enforce an unconstitutional act against affected parties. *McBurney v. Cuccinelli, II,* 616 F.3d 393, 399 (4th Cir. 2010) (citing *Ex Parte Young, 209* U.S. at 155-156). The state officer being sued must have "proximity to and responsibility for the challenged state action" before the exception can be invoked. *Id.* Moreover, the exception "applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy,* 506 U.S. 139, 146, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993) (internal citations omitted). Here, although Smith potentially makes a claim for prospective relief, he sues the Authority, not an official authorized with carrying out an alleged unconstitutional policy or procedure. As a result, Smith's complaint against the Authority should be dismissed. *Lee-Thomas,* 666 F.3d at 249 (the lawsuit must name as a defendant a state official, not a state agency); *see also Thomas v. Nakatani,* 309 F.3d 1203, 1208 (9th Cir. 2002) (*"Ex Parte Young* doctrine creates a fiction by allowing a person to enjoin future state action by suing a state official for prospective injunctive relief rather than the state itself. Even so, the Supreme Court has emphasized the importance of respecting this fiction").

Consequently, the undersigned **FINDS** that the Authority is entitled to Eleventh Amendment immunity from suit. Therefore, the presiding District Judge should **GRANT** the Authority's motions to dismiss asserted under Rules 12(b)(1) and 12(b)(6).

## IV.   <u>Proposal and Recommendations</u>

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the United States District Judge accept and adopt the findings herein and **RECOMMENDS** that:

1.  Joe DeLong's Motion to Dismiss, (ECF No. 7), be **DENIED;**

2.  The West Virginia Regional Jail & Correctional Facility Authority's Motion to Dismiss for insufficient service of process be **DENIED**, (ECF No. 7), **as moot**, but its Motions to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) based upon Eleventh Amendment immunity be **GRANTED**, (ECF Nos. 7, 32);

3.  Plaintiff's Complaint and Amendment Complaint be **DISMISSED, with prejudice,** against the West Virginia Regional Jail & Correctional Facility Authority, but continue to pend against the remaining defendants; and

4.  The West Virginia Regional Jail & Correctional Facility Authority be removed as a defendant from the style of this civil action.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the

"Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, Defendants, counsel of record, and any unrepresented party.

**FILED:** January 26, 2016

Cheryl A. Eifert
United States Magistrate Judge