IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JOHN MACK SMITH,

        **Plaintiff,**

v.                                Case No. 3:15-cv-03387

JOE DELONG, et al.,

        **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's *pro se* complaint and amended complaints filed pursuant to 42 U.S.C. § 1983, (ECF No. 2, 23, 31, 48). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the complaint be **DISMISSED**, **without prejudice**, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1., and that this action removed from the docket of the Court.

I.    **Relevant History**

On March 20, 2015, Plaintiff John Mack Smith ("Plaintiff") filed a § 1983 complaint against Joe DeLong, individually and as Executive Director of the West Virginia Regional Jail and Correctional Facility Authority, regarding an incident that

allegedly occurred at the Western Regional Jail in Barboursville, West Virginia. (ECF No. 2). In the complaint, Plaintiff asserted that during his incarceration at the Western Regional Jail, he was attacked and injured by another inmate who was permitted access to Plaintiff through an open food slot in Plaintiff's cell door. Plaintiff asked for an award of money damages, for the Jail's staff to be properly trained, and for the food slots to be closed and locked when not in use.

On April 15, 2015, the undersigned granted Plaintiff's *in forma pauperis* application and ordered the Clerk of Court to issue a summons to the defendant. (ECF No. 4). In that same Order, Plaintiff was advised of his obligation to promptly notify the Clerk of Court of any change in his contact information. (*Id.* at 2). The Clerk issued the summons, and the summons and complaint were served on the defendant by the United States Marshals Service. On May 26, 2015, the West Virginia Regional Jail and Correctional Facility Authority ("WVRJCFA") filed a Motion to Dismiss. (ECF No. 7).

Subsequently, the undersigned held an initial status conference, which Plaintiff attended by audio-video connection. At the conference, Plaintiff was permitted to amend his complaint and add additional defendants, including two correctional officers and another executive administrator. (ECF No. 22). The parties were instructed to make initial disclosures, and Plaintiff was again reminded of his obligation to keep the Clerk apprised of his contact information. (*Id.* at 3). On November 19, 2015, Plaintiff filed a motion asking the Court for leave to file a second amended complaint, adding a third correctional officer as a defendant. (ECF No. 31). In the meantime, the original defendant began supplying Plaintiff with information, while the newly joined defendants filed motions to dismiss. In January 2016, Plaintiff was granted leave to add the third correctional officer as a defendant, and a summons

was issued and served upon the correctional officer's attorney, who accepted service. (ECF Nos. 48, 49, 54).

Shortly after Plaintiff's motion for leave to file a second amended complaint was granted, the Clerk of Court began to receive mail returned by the United States Postal Service as undeliverable to Plaintiff. (ECF Nos. 52, 53, 57). Mail sent by the Clerk's office on January 4, 2016 was returned with a notation indicating that Plaintiff was no longer incarcerated at the Western Regional Jail and had left no forwarding address. (ECF No. 52). Similarly, every subsequent document sent by the Clerk's office to Plaintiff, directed to the only address on record for Plaintiff, was returned as undeliverable with no new address available. (ECF Nos. 53, 57, 61). On June 20, 2016, after more than six months had passed without any contact from Plaintiff, the undersigned issued a show cause order, noting that Plaintiff was no longer listed as an inmate at the Western Regional Jail. (ECF No. 62). Moreover, his name did not appear on the inmate locaters of the WVRJCFA or the West Virginia Division of Corrections. Plaintiff had failed to provide a forwarding address to the Clerk of Court, and his current whereabouts were unknown. Consequently, Plaintiff was given thirty days to contact the Court and advise whether he wished to purse the instant action. Plaintiff was warned that a failure to notify the Court would result in a recommendation of dismissal for failure to prosecute. The Order was posted on the public docket and mailed to Plaintiff. This Order was also returned as undeliverable. (ECF No. 63). At present, more than seven months have elapsed since Plaintiff's last contact with the Court.[1] His whereabouts are still unknown.

---

[1] Plaintiff's last contact was a supplement to his motion to file a second amended complaint dated December 1, 2015 and filed on December 2, 2015. (ECF No. 38).

3

## II.  Discussion

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962). As the United States Supreme Court explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this Court's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:[2]

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay

---

[2] Fed.R.Civ.P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

4

in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case no. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors in turn, the undersigned concludes that dismissal is warranted. A review of the docket demonstrates that Plaintiff received the Orders issued by the undersigned notifying him of his obligation to keep the Court advised of his current location; yet, he left the Western Regional Jail without providing the Clerk of Court with a forwarding address. Moreover, Plaintiff has made no effort to check on the status of his case since his release from custody. In addition, the defendants have been forced to file motions to compel discovery responses, because Plaintiff has not participated in discovery, demonstrating a case history of Plaintiff proceeding in a deliberately dilatory fashion. This matter has been pending on the Court's docket for more than seven months without any action or contact on the part of Plaintiff. Thus, Plaintiff is entirely responsible for the delay in prosecution. As a general rule, a delay in prosecution causes some measure of prejudice to the defendants given that witnesses become unavailable and memories become stale with the passage of time. Undoubtedly, this is more likely so in the circumstance of a regional jail where the inmate witnesses are transient and often difficult to locate months and years later. The Court currently has no knowledge of Plaintiff's whereabouts or his place of residence. Therefore, a sanction less severe than dismissal plainly will not be effective

in this case. *See Ballard,* 882 F.2d at 95-96.

Nevertheless, the undersigned notes that the alleged misconduct of the correctional officers and administrators at the Western Regional Jail, which forms the basis of Plaintiff's complaint, occurred in November 2014. Although Plaintiff's release from custody may render his request for equitable relief moot, his claim for money damages is not mooted by his release, and the applicable statute of limitations may not yet have expired. Taking this factor into account, and bearing in mind the importance of resolving claims on their merits, the undersigned **FINDS** that while dismissal is appropriate, it is best entered without prejudice.

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the complaint be **DISMISSED**, **without prejudice**, and this matter be removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, The parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of

appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and provide a copy to counsel of record.

**DATED**: July 26, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge